IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SHANNON KERRICK,                )
                                )
        Plaintiff,               )
                                )       CIVIL ACTION
vs.                             )
                                )       Case No.
RLB CHERRY HILLS HOLDING LLC,   )
DLB CHERRY HILLS, LLC and       )
1400 CHERRY HILLS, LLC, Tenancy )
In Common,                      )
                                )
        Defendants.              )

## COMPLAINT

COMES NOW, SHANNON KERRICK, by and through the undersigned counsel, and files this, her Complaint against Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, SHANNON KERRICK (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Denver Colorado (Arapahoe

1

County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing and grasping.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7. Defendant, RLB CHERRY HILLS HOLDING LLC (hereinafter "RLB CHERRY HILLS HOLDING LLC"), is a Colorado limited liability company that transacts business in the State of Colorado and within this judicial district.

8. Defendant, RLB CHERRY HILLS HOLDING LLC, may be properly served with process for service via its registered agent, to wit:  c/o Sheila Geraghty, Registered Agent, 1020 15th Street 35G, Denver, CO  80202.

9. Defendant, DLB CHERRY HILLS, LLC (hereinafter "DLB CHERRY HILLS, LLC"), is a Colorado limited liability company that transacts business in the State of Colorado and within this judicial district.

3

10. Defendant, DLB CHERRY HILLS, LLC, may be properly served with process for service via its registered agent, to wit: c/o Dale L. Boehner, Registered Agent, 5255 Ronald Reagan Boulevard, Suite 220, Johnstown, CO 80534.

11. Defendant, 1400 CHERRY HILLS, LLC (hereinafter "1400 CHERRY HILLS, LLC"), is a Colorado limited liability company that transacts business in the State of Colorado and within this judicial district.

12. Defendant, 1400 CHERRY HILLS, LLC, may be properly served with process for service via its registered agent, to wit: c/o Dianna L. Boehner, Registered Agent, 2526 Chaplin Creek Drive, Loveland, CO 80538.

## FACTUAL ALLEGATIONS

13. On or about May 27, 2021, Plaintiff was a customer at "South Philly Cheesesteaks" a business located at 1400 E. Hampden Avenue, Cherry Hills, CO 80113, referenced herein as "South Philly Cheesesteaks". Attached is a receipt documenting Plaintiff's purchase. *See* Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

14. Plaintiff lives 13 miles from the Property.

15. Plaintiff loves Philly cheesesteak subs.

16. Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, are the owners or co-owners of the real property and improvements that South Philly Cheesesteaks is situated upon and that is the subject of this action, referenced herein as the "Property."

17. Plaintiff's access to the business(es) located 1400 E. Hampden Avenue, Cherry Hills, CO 80113, Arapohoe County Property Appraiser's account number 2077-02-2-01-025

("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

18.     Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, as property owners, are responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

19.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

20.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the

4

public accommodation known to Plaintiff to have numerous and continuing barriers to access.

21. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

23. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    24.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    * * * * *

    (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

    25.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

    26.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

    27.    The Property is a public accommodation and service establishment.

    28.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

    29.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

    30.    The Property must be, but is not, in compliance with the ADA and ADAAG.

31. The Property is comprised of multiple buildings served by a single parking lot. All of the buildings on the Property are public accommodations.

32. Plaintiff has attempted to, and has to the extent possible, accessed the Property her capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS,

LLC and 1400 CHERRY HILLS, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) In front of Pino's Place, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) In front of Pino's Place, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) Due to side flares of the accessible ramp intruding into the accessible parking space, the accessible parking space has a surface and cross-slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG Standards. This violation

would make it difficult for Plaintiff to enter and exit her vehicle when parked here.

(iv)  In front of Pino's Place, one accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(v)  In front of Pino's Place, the bottom edge of the sign identifying one of the accessible parking spaces is at a height below 60 inches from the floor in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(vi)  There are no accessible parking spaces identified with a sign indicating the accessible parking space is van accessible in violation of section 208.2.4 and 502.6 of the 2010 ADAAG Standards.

(vii)  In front of Pino's Place, due to the presence of two large potted plants, an umbrella pole and a metal fence, the accessible curb ramp lacks a level landing in violation of section 406.4 of the 2010 ADAAG standards.  This barrier to access made it difficult for Plaintiff to safely travel to the businesses on the Property.

(viii)  In front of Pino's Place, the accessible curb ramp has a vertical rise at the top of the ramp exceeding ¼ inch in violation of section 405.4 of the 2010 ADAAG standards.  This barrier to access made it difficult and dangerous for Plaintiff to safely travel to the businesses on the Property.

(ix)  Due to the presence of a metal fence/gate surrounding the exterior seating in front of Pino's Place, there is not a direct route to Unit 150 (Caribou Coffee) as the exterior seating and metal fence obstruct the normal exterior accessible route.

>
> Defendants have installed a raised wooden platform which provides the only means of access to Unit 150, however the entry-point of the wooden platform is situated directly adjacent to the side of the existing accessible ramp. As such, due to the sloped surface of the ramp, the accessible route leading to the wooden platform lacks a level turning space in order to safely access the wooden platform. This is a violation of section 304.2 of the 2010 ADAAG Standards and would make it difficult and dangerous for Plaintiff to access unit 150.

(x)  Due to the presence of a metal fence/gate surrounding the exterior seating in front of Pino's Place, there is not a direct route to Unit 150 (Caribou Coffee) as the exterior seating and metal fence obstruct the normal exterior accessible route. Defendants have installed a raised wooden platform which provides the only means of access to Unit 150, however the entry-point of the wooden platform is situated directly adjacent to the side of the existing accessible ramp. As such, due to the sloped surface of the ramp, the walking surfaces of the accessible route leading to the wooden platform area have a cross slope in excess of 1:48, in violation of Section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)  Due to the presence of a metal fence/gate surrounding the exterior seating in front of Pino's Place, there is not a direct route to Unit 150 (Caribou Coffee) as the exterior seating and metal fence obstruct the normal exterior accessible route. Defendants have installed a raised wooden platform which provides the only means of access to Unit 150, however the entry-point of the wooden platform is raised up to three inches from the ground surface and the surface slope of the

        wooden platform at this point is approximately 1:3 and is in violation of section 405.2 of the 2010 ADAAG standards. In fact, this surface is so steep as to render it inaccessible due to the very dangerous nature of the large vertical distance and extreme slope.. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xii) In front of Pino's Place, due to the proximity of the raised wooden platform directly in front of the parking stops of the adjacent parking spaces along the length of the wooden platform, when a vehicle is parked in the last space near the platform, a car can easily pull up all the way to the curb stop and the "nose" of the vehicle extends and blocks the accessible route, as a result, this configuration is in violation of Section 502.7 of the 2010 ADAAG Standards, because parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(xiii) In front of Pino's Place, due to the proximity of the raised wooden platform directly in front of the parking stops of the adjacent parking spaces along the length of the wooden platform, when a vehicle is parked in the last space near the platform, a car can easily pull up all the way to the curb stop and the "nose" of the vehicle extends and blocks the accessible route, as a result, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property. (Also add below)

(xiv) Due to the barriers to access identified in (ix), (x), (xi), (xii) and (xiii) the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xv) In front of Pino's Place, due to the proximity of umbrellas over the raised wooden platform which serves as the accessible route, the umbrellas intrude into the minimum clear vertical clearance so it is less than the 80 (eighty) inches minimum required by Section 307.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to traverse the accessible routes of the Property if it were accessible.

(xvi) In front of Caribou Coffee (Unit 150), there is an accessible ramp which connects the Property to the public sidewalk, this accessible ramp has a compliant side flare on one side of the ramp, but lacks a corresponding side flare or edge protection on the other side of the ramp in violation of section 405.9 of the 2010 ADAAG standards.  This violation would make it dangerous for Plaintiff to utilize public transportation and access the Property from the public sidewalk using this ramp, she can fall of the side of the ramp easier.

(xvii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

38. Plaintiff requires an inspection of the Property in order to determine all of the

discriminatory conditions present at the Property in violation of the ADA.

39.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.     All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, have the financial resources to make the necessary modifications.  According to the Property Appraiser, the Appraised value of the Property is $2,259,000.00.

43.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

44.     Upon information and good faith belief, the Property has been altered since 2010.

45.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and

reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

47. Plaintiff's requested relief serves the public interest.

48. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC.

49. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

50. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, RLB CHERRY HILLS HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, RLB CHERRY HILLS

HOLDING LLC, DLB CHERRY HILLS, LLC and 1400 CHERRY HILLS, LLC, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 3, 2021.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com